IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-58-FL-1
5:12-CV-344-FL

| | |
|---|---|
| TYRON DIONTAE COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On 15 June 2012, petitioner Tyron Diontae Cooper ("petitioner") filed a petition (D.E. 43) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On 20 June 2012, the court directed the government to file an answer or other appropriate response to the petition. (D.E. 44). On 25 July 2012, the government filed a motion to dismiss (D.E. 46) the petition. On 19 April 2013, petitioner filed a "Motion for Declaratory and Summary Judgment" (D.E. 51) in which he asserts the same claim raised in his petition. The petition and motion filed by petitioner and the government's motion to dismiss, which have been fully briefed,[1] were referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it will be recommended that the government's motion to dismiss be granted and that petitioner's petition and motion be dismissed.

---

[1] In support of his petition, petitioner filed a supporting memorandum (D.E. 43-2) and two exhibits: two North Carolina criminal judgments against him (D.E. 43-1) and a copy of an order in a similar § 2255 case in this court (D.E. 43-3). In support of its motion to dismiss, the government filed an incorporated supporting memorandum (D.E. 46). Pursuant to the court's 24 August 2012 order (D.E. 91) for an update on the government's position, the government filed, on 27 August 2012, a supplemental response (D.E. 50) asserting additional grounds in support of its motion to dismiss. The government did not file a response to petitioner's "Motion for Declaratory and Summary Judgment," and the time within which to do so has expired.

# BACKGROUND

## I. Petitioner's Conviction

On 19 February 2009, petitioner was charged by indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g). (Indict. (D.E. 1) 1). On 15 July 2009, pursuant to a written plea agreement (D.E. 33), petitioner pled guilty to the charge (*see* Min. D.E. 31), and on 10 November 2009, the court sentenced petitioner to 103 months imprisonment and 3 years supervised release. (J. (D.E. 39) 1-3). In determining petitioner's sentence, the court adopted the calculation of petitioner's base offense level in the Presentence Report ("PSR"), which was based, in part, on the finding that petitioner had "at least two felony convictions of either a crime of violence or a controlled substance offense" pursuant to Guideline § 2K2.1(a)(2) of the *U.S. Sentencing Guidelines Manual* ("USSG") (2009). (*See* PSR ¶ 39).

## II. Petitioner's Claim

In both his petition and "Motion for Declaratory and Summary Judgment," petitioner asserts that the base offense level used to determine his sentence is incorrect because two of the prior North Carolina convictions used to support the application of USSG § 2K2.1(a)(2) no longer qualify as felonies pursuant to the Fourth Circuit decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). (*See* Ground 1, Pet. 5[2]; Supp. Mem. 2-4; Mot. for Decl. and Summ. J. 4). In its motion to dismiss, the government seeks dismissal of the petition on the following grounds: (1) petitioner waived the right to make this challenge in his plea agreement; (2) the claim is barred by the statute of limitations set forth in 18 U.S.C. § 2255(f); (3) the doctrine of equitable tolling does not apply in this case; and (4) the claim is not cognizable under § 2255. (*See generally* Gov. Mot. 2-10).

---

[2] Citation to page numbers is to those assigned by the court's CM/ECF electronic filing system.

# DISCUSSION

## I. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing § 2255 Proceedings provides that the courts must promptly review § 2255 petitions along with "any attached exhibits, and the record of prior proceedings" to determine if the petitioner is entitled to any relief. *Id*. If the court concludes that the petitioner is not entitled to relief, it must dismiss the petition. *Id*. Otherwise, it must direct the United States Attorney to file a response. *Id*. Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

## II. Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claim under *Simmons* and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

### III. Petitioner's *Simmons* Claim

In its en banc decision in *Simmons*, the Fourth Circuit overruled prior circuit precedent and held that in determining whether to enhance federal sentences based on prior North Carolina convictions, a district court must look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but instead to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history. *Simmons*, 649 F.3d at 241; *see also United States v. Powell*, 691 F.3d 554, 556 (2012) (discussing *Simmons* holding). The basis for this change in circuit precedent was the United States Supreme Court's decision in *Carachuri-Rosendo v. Holder,* --- U.S. ---, 130 S. Ct. 2577 (2010). It held that when determining whether a state offense constitutes an aggravated felony for the purposes of the Immigration and Nationality Act, such offense cannot be enhanced and thereby treated as an aggravated felony on the basis of facts upon which the conviction did not actually rest---that is, facts outside the record of conviction. *Carachuri*, 130 S. Ct. at 2586, 2589; *see also United States v. Zambrano*, 437 Fed. Appx. 250, 252 (4th Cir. 2011) (discussing *Carachuri* holding). Approximately one year after the *Simmons* decision, the Fourth Circuit, in *United States v. Powell*, ruled that a convicted defendant could not seek application of *Carachuri* retroactively on collateral review because the rule announced in *Carachuri* was procedural in nature, not substantive. *Powell*, 691 F.3d at 559-60. Procedural rules apply retroactively only when they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 560 (quoting *Saffle v. Parks*, 494 U.S. 494, 495 (1990) (internal quotation marks omitted).

While *Powell* did not expressly address the retroactivity of *Simmons* on collateral review, subsequent rulings by the Fourth Circuit indicate that, like *Carachuri*, *Simmons* is not applicable

4
Case 5:09-cr-00058-FL   Document 52   Filed 05/28/13   Page 4 of 6

retroactively on collateral review. Indeed, as plainly stated by the Fourth Circuit, "[i]n [*Powell*], this court held that [*Carachuri*] announced a procedural rather than a substantive rule, and therefore is not retroactively applicable to cases on collateral review. Under *Powell,* [*Carachuri*] and *Simmons* do not afford [petitioner] habeas relief." *United States v. Newbold*, 490 Fed. Appx. 614, 615 (4th Cir. 2012); s*ee also United States v. Peters*, 2013 WL 1943801, at *1 (4th Cir. 13 May 2013 ("In *Powell,* we held that [*Carachuri*], and by extension, [*Simmons*], were not retroactively applicable."); *United States v. Brown,* No. 12-7713, 2012 WL 6604898, at *1 (4th Cir. 12 Dec. 2012) (unpublished) ("[A]s we have recently explained [in *Powell*], our holding in *Simmons* is not retroactively applicable to cases on collateral review."); *United States v. Wheeler,* No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. 7 Nov. 2012) ("[Petitioner's] claim [under § 2255] for retroactive application of the Supreme Court's opinion in [*Carachuri*], and our opinion in [*Simmons*], fails in light of our recent opinion in [*Powell*]."). Thus, as succinctly stated in one recent decision from the Western District of North Carolina, "[t]he Fourth Circuit has recently and repeatedly said *Simmons* is not retroactive [on collateral review]." *McClain v. United States*, Nos. 3:12-CV-5-RJC, 3:12-CV-82-RJC, 3:08-CR-218-RJC, 2013 WL 639119, at *3 (W.D.N.C. 21 Feb. 2013) (dismissing petitioner's § 2255 petition in which he claimed that, on the basis of *Simmons*, he was actually innocent of being a felon in possession of a firearm even though the government had conceded that the conviction should be vacated and had waived any statute of limitations defense).

     Because the holding in *Simmons* does not have retroactive effect on collateral review, petitioner's claim based on *Simmons* fails. Accordingly, it will be recommended that the government's motion to dismiss be granted and that petitioner's petition and "Motion for Declaratory and Summary Judgment" be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss (D.E. 46) be GRANTED and that petitioner's petition (D.E. 43) and "Motion for Declaratory and Summary Judgment" (D.E. 51) be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 11 June 2013 2013 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 28th day of May 2013.

_____
James E. Gates
United States Magistrate Judge