IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-58-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TYRON DIONTAE COOPER, )<br>)<br>Defendant. ) | MEMORANDUM OPINION |

This matter came before the court for hearing on defendant's motion for termination of supervised release (DE 98), on July 11, 2023. The court memorializes herein reasons for denying defendant's motion.

**BACKGROUND**

On July 15, 2009, defendant pleaded guilty with a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced defendant to 103 months' imprisonment and three years' supervised released. Defendant's conditions of supervised release required that he notify the probation officer 10 days before any change in residence, and prohibited leaving the Eastern District of North Carolina without the court or probation officer's permission. (Judgment (DE 39) at 3).

The Federal Bureau of Prisons transferred defendant to a halfway house in Raleigh, North Carolina to complete the final portion of his sentence. (Mot. for Revocation (DE 71) at 1). On November 8, 2016, while residing at the halfway house, defendant allegedly murdered Nwabu Cyril Efobi. (Id.; Gov. Resp. (DE 99) at 1). On January 11, 2017, before defendant was charged with the murder, he was released from FBOP custody and began serving his term of supervised release. (Mot. for Revocation (DE 71) at 1).

On October 13, 2017, state authorities obtained a warrant for defendant's arrest for murder and felon in possession of a firearm. (Id.). That same day, law enforcement observed defendant exiting a residence in Durham, North Carolina, and took him into custody. (Id.). The officers determined defendant was living in the Durham residence even though he did not have permission to change residences or leave the Eastern District of North Carolina. (Id.). United States Probation therefore moved to revoke supervised released based on defendant's 1) failure to notify his probation officer of a change in residence; and 2) leaving the judicial district without permission. (Id.). The court stayed consideration of the motion for revocation pending resolution of the state charges.

On August 30, 2021, defendant was convicted of first-degree murder. (N.C. Judgment (DE 99-1)). The state court sentenced him to life imprisonment without the possibility of parole. (Id.). Defendant's appeal of the conviction remains pending. See North Carolina v. Cooper, No. 22-662 (N.C. Ct. App.), https://appellate.nccourts.org/dockets.php?court=2&docket=2-2022-0662-001&pdf=1&a=0&dev=1 (last visited July 12, 2023).

Following his state conviction and sentence, defendant filed the instant motion for termination of supervised release, arguing that his life sentence frustrates the goals of supervised release and moots any sentence this court could impose upon revocation. The government responded in opposition, and the court held hearing on the motion on July 11, 2023.[1]

## COURT'S DISCUSSION

As a threshold issue, the government argued at hearing that any motion for early

---

[1] During this same hearing, the court revoked defendant's supervised release and sentenced him to 12 months and one day of imprisonment, consecutive to the state sentence. The instant opinion does not address the merits of the motion for revocation, which the court resolved in oral ruling from the bench.

2

Case 5:09-cr-00058-FL   Document 108   Filed 07/17/23   Page 2 of 5

termination of supervised release is premature where the court had not resolved the motion for revocation. For example, if the court revoked supervision and sentenced defendant to a term of imprisonment with no supervision to follow, any motion for early termination of supervision would be moot.

Defendant, however, is arguing that the state sentence moots <u>both</u> the motion for revocation and continued federal supervision. (<u>See</u> Mot. for Revocation (DE 98) at 3, 5–6). In effect, defendant is challenging the motion for revocation using the procedural mechanism of a motion for early termination of supervision. And the statute does not preclude defendant from seeking early termination of supervision even though he is facing a motion for revocation. <u>See</u> 18 U.S.C. § 3583(e)(1) (permitting motion for early termination of supervised release "at any time after expiration of one year of supervised release"). The court therefore determined the instant motion is not premature and proceeded to the merits.

The court may terminate a term of supervised release "at any time after the expiration of one year of supervised release," "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice" and after consideration of the relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." <u>United States v. Pregent</u>, 190 F.3d 279, 283 (4th Cir. 1999).

As discussed at hearing, defendant is ineligible for termination of supervised release because he did not complete one year of supervision prior to his arrest on the state offenses. <u>See</u> 18 U.S.C. § 3583(e)(1). Defendant's supervised release commenced on January 11, 2017, the date he was released from FBOP custody. 18 U.S.C. § 3624(e); (Mot. for Revocation (DE 71) at

3

1). Defendant was arrested for the first-degree murder charge on October 13, 2017, approximately nine months after supervision commenced. (Mot. for Early Termination (DE 98) at 2). And the term of supervised release "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). The tolling period also includes any "period of pretrial detention for which a defendant receives credit against the sentence he ultimately receives." See United States v. Ide, 624 F.3d 666, 670 (4th Cir. 2010). Thus, defendant's term of supervision has been tolled since October 17, 2017, and he therefore has not served one year of supervised release. Accordingly, the court determined defendant does not qualify for early termination of supervised release under 18 U.S.C. § 3583(e).

In the alternative, the court found defendant's conduct does not support early termination of supervision. See Pregent, 190 F.3d at 283 ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice."). Defendant's conduct does not justify early termination of supervised release where he violated the terms of supervision by residing with his sister and traveling outside the district without approval shortly after he was placed on supervision.

Finally, and contrary to defendant's argument, it is not "impossible" to run the revocation sentence consecutive to the life term of imprisonment imposed by the state court. See United States v. Devine, 40 F.4th 139, 153 (4th Cir. 2022) (concluding it is "legally permissible" to run a sentence of imprisonment consecutive to a previously imposed life sentence). Indeed, the guidelines specifically recommend consecutive punishment in these circumstances. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon revocation of . . . supervised release shall

4

be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the [same] conduct that is the basis of the revocation of . . . supervised release.").

## CONCLUSION

In sum, for the reasons stated herein and orally at hearing, the court denied defendant's motion for termination of supervised release (DE 98).

This the 17th day of July, 2023.

                                                LOUISE W. FLANAGAN
                                                United States District Judge